**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY CHARLES CLEVELAND, | No. 19-55909 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01399-DSF-GJS |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ZASORTIN, Dr., individual; FELAHY, Dr., individual; TEOPHILOV, Chief Medical Phsician as individual; JOHNSON, RN as individual; JOHNSON, Commander, Deputy Sheriff as individual; FRECHETTE, Medical Senior as individual; COOLEY, Deputy, TST Transportation Driver as individual; J. PERA, Deputy Sheriff as individual, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| B. AVALOS, Deputy Sheriff as individual; LEROY D. BACA, official capacity as Ex-Sheriff of the Los Angeles County Jail; CECI BARAJAS, TST Sergeant as individual; BLEAU, Deputy Sheriff as individual; CASTILLO, Sergeant, Deputy Sheriff as individual; DE | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LA ROSA, Sergeant, Deputy Sheriff as individual; JOHN DOE, TST Transportation Driver as individual; ECKHADI, Nurse Manager as individual; ENRIQUZ, MD as individual; ELLEO O. GONZAQUE, Medical Supervisor-SSNIS as individual; HEANG, Deputy Sheriff as individual; HEATER, Deputy Sheriff as individual; KAYARZZE, MD as individual; LAFAVE, Lieutenant, Deputy Sheriff as individual; MALDONADO, Lieutenant, Deputy Sheriff as individual; MOGO, County Assistant as individual; MURILLO, Medical Lieutenant as individual; ORNELAS, Captain, Deputy Sheriff as individual; PEFORCELLY, Sergeant, Deputy Sheriff as individual; PHILLIAUS, Medical Sergeant as individual; PONCE, Sergeant, Individual; SADDLER, Jr., MD as individual; SANCHEZ, Deputy Sheriff, Medical Senior as individual; JOHN SCOTT, Interim Sheriff, individual and official capacity; TAYLOR, Third Watch Sergeant in 1750 as individual; WELLS, Lieutenant, Deputy Sheriff as individual; WILLMORE, MD as individual; WYATT, Sergeant, Deputy Sheriff as individual,

Defendants.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Larry Cleveland, a person incarcerated in a California state prison, appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). We affirm.

1. The notice requirements of *Rand v. Rowland*, 154 F.3d 952, 955 (9th Cir. 1998) (en banc), were satisfied in this case. Under *Rand*, a pro se prisoner must be given fair notice of the requirements of Federal Rule of Civil Procedure 56. *See id.* at 962. The day after defendants filed their motion for summary judgment in this case, the district court issued the required *Rand* notice. Cleveland argues that this notice was insufficient because it came from the court and not the defendants; however, a *Rand* notice may be provided by the district court *or* the moving party. *See id.* at 960. Therefore, there was no *Rand* error.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2. The district court properly granted summary judgment on Cleveland's claims because Cleveland did not properly exhaust his administrative remedies and did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."); *Sapp v. Kimbrell*, 623 F.3d 813, 823–24 (9th Cir. 2010) (for administrative remedies to be effectively unavailable, "the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations").

**AFFIRMED.**

4